**E-FILED**
Thursday, 28 June, 2007  09:58:35 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-30026 |
| | ) | |
| JEFFREY N. DARR, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Government's Motion In Limine (d/e 13), asking the Court to either bar the Defendant from raising the defense of entrapment as a matter of law, or require the Defendant to submit a proffer of evidence sufficient to allow him to raise an entrapment defense at trial.  For the reasons set forth below, the Government's Motion is denied.

Defendant Jeffrey Darr has been charged in a two-count Indictment with Offering a Bribe to a Revenue Officer of the Internal Revenue Service (Count 1) in violation of 18 U.S.C. § 201(b)(1)(C), and Giving a Bribe to a Revenue Officer of the Internal Revenue Service (Count 2) in violation of

18 U.S.C. § 201(b)(1)(C).  The Motion represents that Darr intends to present evidence relating to the defense of entrapment at trial.  The Government, however, asks the Court to preclude Darr from raising the entrapment defense at trial if he fails to make a minimal pretrial showing, by way of a proffer, that he is entitled to the defense.

The Seventh Circuit has held that a pretrial ruling on the sufficiency of the evidence of an entrapment defense is warranted only in limited circumstances, and is the exception rather than the general rule.  United States v. Johnson, 32 F.3d 304, 307 (7th Cir. 1994).  This is because "whether or not entrapment occurred is a factual issue; the defense . . . is intertwined with the issue of intent and is often based on credibility determinations, which are traditionally reserved for jury resolution."  Id. (internal quotations omitted).  Therefore, "[t]he sufficiency question may be decided on a pretrial motion only when it is clear that the evidence to be offered by the defendant can, under no interpretation, be considered sufficient to sustain his or her burden in proving the entrapment defense." Id.

In response to the Government's Motion, Defendant Darr has proffered evidence supporting the defense of entrapment.  See Defendant's

<u>Response to Government's Motion In Limine (d/e 15)</u>, Exhibits A & B. There are factual issues as to whether the Defendant or the Revenue Agent initiated the suggestion that Defendant pay her a bribe.  After review of the evidence proffered by the Defendant, this Court cannot conclude at this point that the proffered evidence could never be sufficient as a matter of law to support the affirmative defense of entrapment.

THEREFORE, for the reasons set forth above,  Government's Motion In Limine (d/e 13) is DENIED.  The Government may renew its Motion at trial, however.

IT IS THEREFORE SO ORDERED.

ENTER:   June 28, 2007.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE