IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-30026 |
| | ) | |
| JEFFREY N. DARR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Jeffrey N. Darr's Motion to Exclude Prior Criminal Record (d/e 14) pursuant to Fed. R Evid. 609 and Fed. R. Evid. 403.  For the reasons set forth below, Defendant's Motion to Exclude is denied.

Darr has been charged in a two-count Indictment with Offering a Bribe to a Revenue Officer of the Internal Revenue Service (Count 1) in violation of 18 U.S.C. § 201(b)(1)(C), and Giving a Bribe to a Revenue Officer of the Internal Revenue Service (Count 2) in violation of 18 U.S.C. § 201(b)(1)(C).  In his Motion to Exclude, Darr moves, pursuant to Fed. R. Evid. 609 and Fed. R. Evid. 403, to preclude the Government from

1

introducing any evidence at trial regarding Darr's prior state court conviction for aggravated battery in Macoupin County, Illinois, Case No. 04-CF-110. Darr pleaded guilty to the charge and was sentenced to 30 months probation with the condition that 180 days be served in jail. Attachments to the Government's Response to Defendant's Motion to Exclude Prior Criminal Record (d/e 19). Darr was ordered to begin serving 90 days of the 180-day prison sentence on December 18, 2006, and to serve the remaining 90 days of the prison sentence beginning December 7, 2007, but subject to review on December 7, 2007. Id. The Court first turns to a Rule 609 analysis.[1]

FEDERAL RULE OF EVIDENCE 609

Federal Rule of Evidence 609 provides that evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year shall be admitted for the purpose of attacking credibility "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Accordingly, to determine whether the probative value of admitting this

---

[1] The Court evaluates whether to allow the use of the conviction for impeachment purposes under Rule 609(a), not Rule 403. See United States v. Saunders, 359 F.3d 874 (7th Cir. 2004).

2

evidence outweighs its prejudicial effect, the Court must consider the following factors articulated by the Seventh Circuit in <u>United States v. Mahone</u>: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. <u>Mahone</u>, 537 F.2d 922, 929 (7th Cir. 1976); <u>United States v. Gant</u>, 396 F.3d 906, 909 (7th Cir. 2005); <u>Rodriguez v. United States</u>, 286 F.3d 972, 983 (7th Cir. 2002). After considering these factors as set forth below, the Court concludes that the probative value of the evidence of the aggravated battery conviction outweighs its prejudicial effect.

The first factor--the impeachment value of the prior crime--weighs slightly in favor of exclusion. In general, all felonies have some probative value on the issue of credibility. However, the conviction for aggravated battery was not a <u>crimen falsi</u>, such as perjury, subornation of perjury, false statement, criminal fraud, or the like and so the impeachment value is minimal. As such, the Court finds that the first factor weighs slightly in favor of exclusion. <u>See United States v. Montgomery</u>, 390 F.3d 1013, 1015 (7th Cir. 2004).

The second factor--the point in time of the prior conviction and the defendant's subsequent history--militates in favor of admissibility because the aggravated battery conviction and the pending charges are recent in time. The conviction for aggravated battery occurred on November 30, 2006, for a crime that occurred on April 20, 2004. Darr was indicted on the pending charges on April 4, 2007, for offenses that allegedly occurred in November and December 2006. The second factor, therefore, weighs in favor of admissibility. See Montgomery, 390 F.3d at 1015.

The third factor--the similarity between the past crime and the charged crime--weighs in favor of admissibility because the aggravated battery conviction is dissimilar to the pending charges (offering and giving a bribe to a public official) and "thus would not tend improperly to suggest to the jury any tendency on [Darr's] part to commit the instant offense[s]." Montgomery, 390 F.3d at 1015. The third factor thus weighs in favor of admissibility.

The fourth factor--the importance of the defendant's testimony--weighs in favor of exclusion. Darr states that he intends to raise the affirmative defense of entrapment and will testify in that effort. Therefore, to the extent Darr seeks to assert the defense of entrapment, Darr's

4

testimony at trial will be necessary. The Government argues that the importance of Darr's testimony is slight because Darr could utilize other evidence to present his version of the facts to the jury without testifying at trial, including through testimony of witnesses (such as Stanley Fisher) and the use of the December 7, 2006, video taped recording of conversations between Darr and the Revenue Officer, which was the basis for Count 2 of the Indictment. The evidence identified by the Government, however, is inadequate to provide a complete context for the events which form the basis of the pending charges. For example, Fisher's testimony will address only part of what Darr and the Revenue Officer said during`their first meeting on November 21, 2006. Similarly, the video taped recording primarily provides evidence of the conversations that took place between Darr and the Revenue Officer on their second meeting on December 7, 2006, but not on their first meeting, which occurred on November 21, 2006. Darr's testimony is therefore necessary to provide the context and completeness of the defense of entrapment before the jury. The fourth factor thus weighs in favor of exclusion.

Finally, the fifth factor--the centrality of the credibility issue--weighs in favor of admission of the evidence of the prior conviction for

impeachment. In the event Darr testifies, Darr's credibility will be central to the defense. Anything which bears on Darr's credibility will be relevant, and this conviction has some probative value on this issue. The jury is entitled to know of the prior conviction in weighing Darr's credibility.[2] The fifth factor weighs in favor of use of the conviction.

After weighing all of the factors, the Court finds that, on balance, the prejudicial effect of admitting Darr's aggravated battery conviction is outweighed by its probative value. In addition, the possible prejudice of using the prior conviction for impeachment is lessened by the reference to it which the Defendant makes in the December 7, 2006, taped conversation which the Government intends to introduce at trial. In that conversation, the Defendant indicated he had just been slapped with a felony and 30 months probation. <u>Attachment to Government's Motion in Limine, (d/e 13)</u>. Finally, the Court will instruct the jury that it may only consider the prior conviction insofar as it affects the Defendant's credibility as a witness. This limiting instruction will mitigate any possible prejudice.

---

[2]The Seventh Circuit has held that when a defendant is impeached with evidence of a prior felony conviction, the jury is entitled to know the name of the prior crime. <u>See United States v. Smith</u>, 454 F.3d 707 (7th Cir. 2006); <u>Campbell v. Greer</u>, 831 F.2d 700 (7th Cir. 1987).

THEREFORE, for the reasons set forth above, Defendant Jeffrey N. Darr's Motion to Exclude Prior Criminal Record (d/e 14) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  July 9, 2007.

    FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE