IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-30026 |
| | ) | |
| JEFFREY N. DARR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Before the Court is the Government's Motion in Limine (d/e 47). The Government now moves to bar evidence of a phone call the Defendant placed to the IRS, a week after the bribe allegedly occurred, and evidence that Defendant rearranged his finances and paid the taxes due a month after the alleged bribery occurred. The Government asserts that this evidence after the date of the alleged offenses cannot go toward establishing the defense of entrapment and should be barred. Defendant, however, contends that the evidence bolsters the defense of entrapment; he claims that this evidence helps demonstrate that initially he had no intent to bribe the agent, that he was lured into the alleged bribery by the agent and shortly

afterward came to his senses and tried to rectify the situation.

In an entrapment defense, the defendant's intent at the time of the alleged offense and before it are at issue. His intent after the crime is not relevant. However, his intent at the time of and before the alleged crime can be gleaned at times from his action taken after the commission of the alleged crime. "While it is true that predisposition turns on a defendant's mental state prior to commission of the crime, that mental state may be proved by relevant and admissible evidence concerning the defendant's actions either before or after commission of the crime." United States v. Moschiano, 695 F.2d 236 (7th Cir. 1982) citing United States v. Carreon, 626 F.2d 528, 535-36 n. 14 (7th Cir. 1980).

In this case, the proposed evidence appears to have some relevance to the entrapment defense. Different inferences could be drawn from the proposed evidence. From the defense viewpoint, it goes to show that the Defendant did not initially intend to bribe the agent but was induced to do so by the agent and then shortly thereafter took action consistent with his original intent. From the Government's perspective, this same evidence could be viewed as showing consciousness of guilt. The Court finds there is little danger of prejudice to any party if the evidence is admitted.

Therefore, since the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, the Court will not bar the evidence.  The Court will give a limiting instruction, to avoid confusion of the issues, telling the jury that this evidence may only be considered insofar as it reflects on the Defendant's intent at the time of the alleged crimes.

THEREFORE, the Motion in Limine (d/e 47) is denied.

IT IS THEREFORE SO ORDERED.

ENTER:   August 22, 2007

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE