IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-30026 |
| | ) | |
| JEFFREY N. DARR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Jeffrey N. Darr's Post Trial Motions (d/e 53).  On August 31, 2007, a jury returned verdicts of guilty on both of the counts charged in the Indictment (d/e 1): Count 1: Offering a Bribe, in violation of 18 U.S.C. § 201(b)(1)(C); and Count 2: Giving a Bribe, in violation of 18 U.S.C. § 201(b)(1)(C).

Defendant Darr (Darr) asks the Court to reverse all of its rulings denying any and all of his motions and objections.  The Court's rulings on Darr's motions and objections were correct at the time they were made for the reasons stated of record or for the reasons stated in written decisions. The Court therefore denies this request and will not reverse any of its

1

pretrial or trial rulings denying Darr's motions and objections.

Darr next moves the Court to set aside the verdicts on the grounds that the Government failed to present sufficient evidence to convict him on either of the charges. Darr argues that the Government's evidence lacked any corroboration on critical issues and relied only on unsubstantiated circumstantial evidence. Darr asserts that such reliance creates reasonable doubt as a matter of law. The Court disagrees. As the Government indicates in its Response to Darr's Motions (d/e 64), an Internal Revenue Service Revenue Officer testified regarding Darr's bribe offer and bribery, and a videotaped meeting between the officer and Darr corroborated her testimony.

Additionally, Darr moved for judgment of acquittal at the close of the Government's evidence and at the close of all evidence at trial, arguing that the evidence was insufficient. The Court denied those motions for the reasons stated of record at that time. The Court continues to believe that those reasons were correct and denies this portion of Darr's Motions for the same reasons.

Finally, Darr notes that official trial transcripts are not yet available and requests permission to supplement his Post Trial Motions after review

of the transcripts. The Government has no objection. The Court will allow Darr to file a motion to supplement his Post Trial Motions within 14 days of the filing of the transcripts.

THEREFORE, Defendant Jeffrey N. Darr's Post Trial Motions (d/e 53) are DENIED, except that his request for permission to supplement his Motions after trial transcripts are filed is ALLOWED. This matter will proceed to sentencing January 2, 2008, at 2:30 p.m.

IT IS THEREFORE SO ORDERED.

ENTER:   September 18, 2007

      FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE