E-FILED
Friday, 22 February, 2008  03:59:20 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-30026 |
| | ) | |
| JEFFREY N. DARR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on February 22, 2008 for the sentencing hearing of Defendant Jeffrey N. Darr. Defendant Darr appeared in person and by his attorneys Daniel L. Fultz and Jon Gray Noll. The Government appeared by Assistant United States Attorney Gregory Harris. On August 31, 2007, a jury returned verdicts of guilty against Defendant Darr on both of the counts charged in the Indictment (d/e 1): Count 1: Offering a Bribe, in violation of 18 U.S.C. § 201(b)(1)(C); and Count 2: Giving a Bribe, in violation of 18 U.S.C. § 201(b)(1)(C). The United States Probation Office prepared a Revised Presentence Investigation Report (PSR) dated December 19, 2007.

Defendant Darr objected to the U.S.S.G. § 2C1.1(b)(3) four-point enhancement in his offense level for involving "an elected public official or any public official in a high-level decision-making or sensitive position" in his offenses, as set forth in paragraph 19 of the PSR. The Court held that while the IRS officer involved was not a high-level official, she was a public official in a sensitive position. The officer had the ability to make collections decisions binding on the federal government, to work without supervision in many aspects of her job, to take sworn testimony, and to issue summons. The Court found her position analogous to that of the Internal Revenue Agent's in <u>United States v. Cardenas</u>, 2005 WL 1444234 (5th Cir. June 21, 2005). Thus, the Court overruled Defendant Darr's objection.

Additionally, Defendant Darr objected to paragraph 65 of the PSR, which stated that he has the ability to pay a fine. Defendant Darr argued that he has very little cash on hand and that his assets are heavily encumbered. The Court found, however, that his available assets are significant enough to enable him to pay a modest fine.

The Court adopted all other findings of the PSR as its own. Accordingly, the Court found that Defendant Darr had a final offense level

of 18 and was in Criminal History Category III, resulting in an advisory Guidelines sentencing range of 33-41 months imprisonment, in Zone D of the Guidelines. The Court noted that the Guidelines are advisory, and that the Court was required to exercise judgment to determine Defendant Darr's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a). Exercising that judgment, the Court found that Defendant Darr's actions were not vicious, only incredibly foolish. The Court found that Defendant Darr made a number of foolish decisions in quick succession and determined to impose the same sentence it would have imposed had Defendant Darr pleaded guilty.

    THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statements of Defendant Darr, the Court sentenced Defendant Darr to a term of 24 months imprisonment, to be followed by supervised release for three years. The Court ordered Defendant Darr to pay a $6,000 fine, within one year of the sentencing hearing, and a $200 special assessment, which was due immediately. The Court also ordered Defendant Darr to self-report to his designated prison facility by noon on

May 15, 2008.  The Court then informed Defendant Darr of his right to appeal.

IT IS THEREFORE SO ORDERED.

ENTER: February 22, 2008

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE